

Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 1751 | **DATE** | October 1, 2002 |
| **CASE TITLE** | *Billis v. Village of Deerfield, et al.* | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

RE:

Defendants' Motions to Dismiss

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] The police officer defendants' motion to dismiss Count IV and to dismiss punitive damages [18-1] is denied. The Village of Deerfield's motion to dismiss Count V and for a more definite statement [19-1] is denied. Defendants' motion to strike plaintiff's response to defendants motion to dismiss [30-1] is denied as moot because the court granted leave for the plaintiff's extension – the subject matter of the motion to strike – on August 13, 2002.

(11) ■ [For further detail see order attached to the original minute order]

| | | |
|---|---|---|
| | No notices required, advised in open court. | |
| | No notices required. | number of notices |
| ✓ | Notices mailed by judge's staff. | OCT 8 2002 |
| | Notified counsel by telephone. | date docketed |
| | Docketing to mail notices. | |
| | Mail AO 450 form. | docketing deputy initials |
| | Copy to judge/magistrate judge. | |
| RTS | courtroom deputy's initials | date mailed notice |
| | Date/time received in central Clerk's Office | mailing deputy initials |

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| JASON BILLIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | The Hon. Blanche M. Manning |
| | ) | |
| THE VILLAGE OF DEERFIELD, | ) | Case No. 02 C 1751 |
| a Municipal Corporation, M. SCARRY, | ) | |
| J. MAZARIEGOS, C. HORSTEIN, and | ) | |
| M. GAWNE, and two other unknown | ) | |
| Police Officers, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Plaintiff Jason Billis brings this action against the Village of Deerfield, M. Scarry, J. Mazariegos, C. Horstein, M. Gawne, and two other unknown police officers alleging violations of his First and Fourth Amendment rights. This matter is before the court on Mazariegos, Horstein, and Gawne's motion to dismiss Count IV and the Village's motion to dismiss Count V, both pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated below, the defendants' motions are denied.[1]

## I. BACKGROUND

The following facts are drawn from the allegations in Billis's complaint. Billis's claims arise from an incident between Billis and members of the Village of Deerfield Police Department. On March 10, 2001, Billis and two acquaintances, Lauren Taylor and Travis Haltermann, were sitting in Billis's car conducting themselves in a lawful manner. Police

---

[1] Billis voluntarily dismissed Count VI of the Complaint, a civil rights action pursuant to 42 U.S.C. § 1985(a). Therefore, the defendants' motions to dismiss Count VI are stricken as moot.

officers Scarry, Mazariegos, and Horstein approached Billis's car with their firearms drawn. After putting a gun to Billis's head, the officers ordered Billis and the two others out of the car. One of the officers opened the door while the other officers pulled Billis out of his car. Billis felt a blow across the back of his knees and fell to the ground. While on the ground, the officers handcuffed Billis.

An officer then grabbed Billis's head and smashed his face against the pavement. At the same time, Billis was hit and kicked in the ribs. Officer Scarry then grabbed Billis by the throat, slapped him repeatedly, and asked, "What are you doing here?" The officers also searched Billis's car without his consent, yet found nothing.

Lieutenant Gawne, the police officers' supervisor, arrived on the scene shortly thereafter and spoke with the police officers and Billis. At that time, Gawne had an opportunity to observe Billis's injured mouth and face. The officers then released Billis and the others without charging them with any criminal offenses.

In the early hours of the next morning, Billis's parents went to the Deerfield Police Department to make a complaint about the police officers' treatment of their son. Billis's parents talked to Gawne who told them that Billis could have received his injuries anywhere. Gawne refused to disclose the names of the officers involved in the incident to Billis's parents and no investigation of the officers' alleged misconduct ensued.

That same day, Lauren Taylor's mother called the Deerfield Police Department and spoke with a lieutenant about the officers' pointing a gun and handcuffing her daughter. The police department never questioned Taylor or her mother about the incident after this. Travis Haltermann gave a statement about the incident at the request of an unknown police officer. Nevertheless, there was no investigation of the incident.

Billis brings his federal claims under 42 U.S.C. § 1983 based on the police officers' alleged violations of his constitutional rights. Billis also alleges two pendent state claims for false arrest and battery. Defendants Gawne and the Village of Deerfield move to dismiss Billis's federal claims concerning their alleged vicarious and municipal liability. In addition, the police officer defendants contend that they are immune from any punitive damages alleged in Billis's pendent state claims. For the reasons discussed below, the motions to dismiss are denied.

## II. MOTION TO DISMISS STANDARD

In ruling on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must assume the truth of all facts alleged in the pleadings, construe all allegations liberally, and view them in the light most favorable to the plaintiff. *Hickey v. O'Bannon*, 287 F.3d 656, 657-58 (7th Cir. 2002). To survive a motion to dismiss, the complaint need only state a claim and facts that give the defendant adequate notice of the basis of the lawsuit. *Swierkiewicz v. Sorema*, 534 U.S. 506, 122 S.Ct. 992, 998 (2002); *see also Higgs v. Carter*, 286 F.3d 437, 439 (7th Cir. 2002). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz*, 122 S.Ct. at 998. Dismissal is properly granted only if it is clear that no set of facts which the plaintiff could prove consistent with the pleadings would entitle the plaintiff to relief. *Hickey*, 287 F.3d at 657. In other words, if it is possible to hypothesize a set of facts that would entitle a plaintiff to relief that is consistent with the complaint's allegations, dismissing the plaintiff's claims under Rule 12(b)(6) is not appropriate. *See, e.g., Graehling v. Village of Lombard*, 58 F.3d 295, 297 (7th Cir. 1995).

3

## III. DISCUSSION

### A. Count IV – Vicarious Liability

In Count IV, Billis alleges that Lieutenant Gawne, while acting as the police officers' supervisor, violated his constitutional rights because she condoned the actions of police officers Scarry, Mazariegos, and Horstein.

A supervisor may be liable under § 1983 if she is personally involved in a subordinate's conduct either by the commission or omission of an act. *Lanigan v. Village of East Hazel Crest*, 110 F.3d 467, 477 (7th Cir. 1997). "[U]nder certain circumstances a state actor's failure to intervene renders him or her culpable under § 1983." *Chavez v. Illinois State Police*, 251 F.3d 612, 652 (7th Cir. 2001) (quoting *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994)). An officer presented with a realistic opportunity to intervene in order to prevent other law enforcement officers from violating the constitutional rights of citizens is liable under § 1983 for failing to act if the officer had reason to know that: (1) excessive force was being used; (2) a citizen was unjustifiably arrested; or (3) a constitutional violation has been committed by another law enforcement official. *Chavez*, 251 F.3d at 652. "Whether an officer had sufficient time to intervene or was capable of preventing the harm caused by the other officer is generally an issue for the trier of fact." *Lanigan*, 110 F.3d at 478.

Construing the alleged facts liberally and in a light most favorable to Billis, this court concludes that Billis has sufficiently alleged a claim against Gawne. According to Billis, Gawne was assigned as watch commander of the Deerfield Police Department on the night of the alleged incident. Gawne arrived at the scene immediately after Billis was beaten, kicked, and hit by the other police officers. Although she had the opportunity to observe the injuries on Billis's mouth and face, she took no action. These allegations sufficiently allege a claim for supervisory

4

liability under § 1983 and give Gawne adequate notice of the basis of Billis's lawsuit. *See Swierkiewicz*, 122 S.Ct. at 998.

Gawne argues that she cannot be held personally liable because she did not witness the police officers' actions. However, as the highest-ranking supervisor on duty that night, it is possible that Lieutenant Gawne had a reasonable opportunity to intervene at some point. Nonetheless, this issue cannot be determined at this procedural posture. Whether Gawne had sufficient time to intervene or was capable of preventing the harm allegedly caused by the other Deerfield police officers is an issue for the trier of fact. *See Lanigan*, 110 F.3d at 478. Accordingly, Gawne's motion to dismiss Count IV is denied.

### B. Count V – Municipal Liability

In Count V, Billis alleges that the Village of Deerfield is liable based on the Deerfield Police Department's failure to redress his grievances against the police officers in question. Billis contends that the Deerfield Police Department has a de facto policy of protecting police officers' inappropriate and unconstitutional behavior.

In order for a plaintiff to state a § 1983 claim against a municipality, the plaintiff must allege the existence of a municipal policy or custom that caused the alleged violation. *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 690-91 (1978). To allege that a municipal policy has violated an individual's civil rights under § 1983, a plaintiff needs to set forth: (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by express municipal policy, is so well-settled that it amounts to a custom with the force of law; or (3) a constitutional injury caused by a person with final policymaking authority. *Baxter v. Vigo County Sch. Corp.*, 26 F.3d 728, 734-35 (7th Cir. 1994).

Keeping in mind that there is no heightened pleading standard for civil rights actions, *see id.* at 734, Billis has sufficiently pled that a practice within the Deerfield Police Department "amounts to a custom with the force of law." Billis alleges that a de facto policy of a "code of silence" exists in the Deerfield Police Department concerning police officers' inappropriate and unconstitutional conduct. Billis alleges that the Deerfield Police Department failed to investigate the unlawful incident and ignored his parent's and other's complaints. Billis also alleges that after the complaints had been made, no investigation ensued.

The Village maintains that Billis's complaint contains boilerplate allegations and lacks factual support. Under the liberal notice pleading standard, Billis is not required to give detailed facts and descriptions. Billis has set forth sufficient facts "to allow the court and the defendants to understand the gravamen of the plaintiff's complaint." *Doherty v. City of Chicago*, 75 F.3d 318, 326 (7th Cir. 1996). Therefore, this court denies the Village's motion to dismiss Count V.

The Village also requests that Billis furnish a more definite statement under Rule 12(e) regarding the Village's policy and the facts that support it. As the *Swierkiewicz* court explained, "[t]he simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Id.* at 998. Billis's claim against the Village is not so unclear that the Village cannot conduct discovery requests in order to answer its factual questions. Therefore, the Village's request for a more definite statement is denied.

### C. Punitive Damages

Last, the police officer defendants contend that all claims for punitive damages alleged in the pendent state claims must be dismissed pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/2-102. In order to confer immunity for punitive damages claims upon local government

actors under § 2-102, (1) the defendants must be "public officials" within the meaning of the statute, and (2) they must have been serving in an "official executive, legislative, quasi-legislative or quasi- judicial capacity" when they engaged in the actions that allegedly resulted in the plaintiff's injury. *See* 745 ILCS 10/2-102; *see also Reese v. May*, 955 F.Supp. 869, 873 (N.D. Ill. 1996).

Defendants do not assert that the police officers were engaging in lawful enforcement activities during the alleged incident, nor have they explained how their alleged misconduct constitutes performance of an official function as required by the Illinois Tort Immunity Act. Instead, the defendants merely cite the statute in support of their argument.

Accordingly, this court denies, without prejudice, the defendants' motion concerning punitive damages. The defendants may seek leave to move this court to revisit punitive damages later in the proceedings.

## IV. CONCLUSION

For the foregoing reasons, the police officer defendants' motion to dismiss Count IV and to dismiss punitive damages [18-1] is denied. The Village of Deerfield's motion to dismiss Count V and for a more definite statement [19-1] is denied. Defendants' motion to strike plaintiff's response to defendants motion to dismiss [30-1] is denied as moot because the court granted leave for the plaintiff's extension – the subject matter of the motion to strike – on August 13, 2002.

ENTER:

*Blanche M. Manning*
Blanche M. Manning
United States District Court Judge

DATE: 10-1-02